[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The defendant, Mark Freitas, moves pursuant to Conn. Practice Book § 41-8(5) and (8) to dismiss the charge alleging a violation of C.G.S. § 21a-278(b), count one of a two count information pending against him dated June 27, 2000 for an incident alleged to have occurred on or about June 18, 2000 at Hartford.
The defendant urges that the alleged substance pertaining to said change, commonly known as "Ecstasy," is not a narcotic substance, hallucinogenic substance other than marijuana, or amphetamine-type substance classified as such
In the alternative he claims that the law defining the offense is invalid or unconstitutional in that as a matter of statutory interpretation, the substance known as Ecstasy" ought not to be deemed a narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or cannabis-type substance classified as such a "controlled substance" within the meaning of C.G.S. § 21a-240(9).
He further argues that if as a matter of statutory interpretation, the substance known as "Ecstasy" is deemed a "controlled substance" within the meaning of C.G.S. § 21a-240(9) and § 21a-278(b), then the alleged definition of such substance by § 21a-243-7(c)(6), Regulations of Connecticut State Agencies, Department of Consumer Protection, as applied to the defendant under the facts presented by this case, should be held unconstitutional as violative of the defendant's constitutional rights of adequate notice and fair warning required by due process under the Fourteenth Amendment of the United States Constitution, and Article First, Section 8 of the Constitution of the State of Connecticut, since the said regulation is too broad and vague to afford CT Page 16157 the defendant adequate notice and fair warning that the substance known as "Ecstasy" is a controlled substance within the meaning of said regulation.
For purposes of this motion the defendant and the state have stipulated to the facts contained in the police incident report which may be summarized as follows:
On June 17, 2000 a member of the Hartford Police Department was working a private job at "Club Insomnia" located at 36 Lewis Street, Hartford, CT. Specifically, the officer was working the front entrance of said address. The officer observed the accused who was later identified as Mark Freitas engage in a conversation with another male and female. The second male was holding U.S. currency in his right hand while the accused Freitas retrieved a multi-colored pouch from his pants pocket. The accused Freitas retrieved a small item from the pouch and handed it to the male in exchange for the currency. The accused Freitas took the money and stuffed it into his left pants pocket and remained holding the multi-colored pouch in his hand. The officer observed the entire transaction and approached the accused since the activity was typical of a drug transaction.
Upon approaching the accused, Freitas recognized the officer and attempted to mix into a large crowd. The accused Freitas fled up the stairs of the establishment still holding the multi-colored pouch in his hand. The officer, never losing sight of the accused, observed him throw the pouch around a corner of the wall. A second officer detained the accused while the other officer went to the location of the multi-colored pouch. Inside the pouch were two white pills and from the floor the officer recovered twenty-two identical pills each marked with an "E" on top. A search incident to the arrest of the accused revealed $993.00 in U.S. currency from his left pant pocket. The denominations of the bills were two $50's, thirty-nine $20's. eight $10's, five $5's and eight $ 1's.
Subsequently the accused was charged with violating C.G.S. §21a-278(b) and § 53a-167a. The parties have agreed and stipulated for purposes of this motion to dismiss that the pills marked with an "E" on top are "Ecstasy" which contains MDMA.
 I.
THE SUBSTANCE KNOWN AS MDMA OR "ECSTASY" IS A CONTROLLED SUBSTANCE WITHINTHE MEANING OF THE CONNECTICUT GENERAL STATUTES AND THE COMMISSIONER OFCONSUMER PROTECTION HAS PROPERLY ADOPTED THE REGULATIONS SCHEDULING MDMAOR "ECSTASY" AS A CONTROLLED SUBSTANCE.
CT Page 16158
The defendant is charged with violating C.G.S. § 21a-278(b) which states in part:
 Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana . . . and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years;. . . .(Emphasis added).
Further, C.G.S. § 21a-240(23) defines "hallucinogenic substances" as
 . . . psychodysleptic substances which assert a confusional or disorganizing effect upon mental processes or behavior. (They) . . . are controlled substances under this chapter. . . .
By reading C.G.S. § 21a-243 with § 21a-240(23) hallucinogenic substances are clearly controlled substances for purposes of the regulations and schedules.
Controlled substances are defined by statute and scheduled by regulation. A "controlled substance" is defined in C.G.S. § 21a-240(9) as:
 . . . a drug, substance, or immediate precursor in schedules I to V, inclusive, of the Connecticut controlled substance scheduling regulations adopted pursuant to section 21a-243
Connecticut General Statutes § 21a-243(c) provides:
 The Commissioner of Consumer Protection acting upon the advice of the Commission of Pharmacy, may by regulation designate, after investigation, as a controlled substance, a substance or chemical composition containing any quantity of a substance which has been found to have a stimulant, depressant or hallucinogenic effect upon the higher functions of the central nervous system and having a tendency to promote abuse or physiological or psychological dependence or both. Such substances are classifiable CT Page 16159 as amphetamine-type, barbiturate-type, cannabis-type, cocaine-type, hallucinogenic, morphine-type and other stimulant and depressant substances, and specifically exclude alcohol, caffeine and nicotine. Substances which are designated as controlled substances shall be classified in schedules I to V by regulations adopted pursuant to subsection (a) of this section.
Pursuant to the authority of C.G.S. § 21a-243, the Commissioner of the Department of Consumer Protection has promulgated the schedules of controlled substances. Section 21a-243-7(c)(6), entitled "Schedules of Controlled Substances", of the Department of Consumer Protection's Regulations of Connecticut State Agencies provides in part:
 The controlled substances listed in this regulation are included by whatever official, common, usual, chemical, or trade name designation in Schedule I;
***
 (c) Any material, compound, mixture or preparation which contains their salts, isomers and salts of isomers, unless specifically excepted, whenever the existence of these salts, isomers and salts of isomers is possible within the specific chemical designation:
***
(6) 3, 4 — methylenedioxymethamphetamine; or MDMA;
***
MDMA or "Ecstasy" is a scheduled controlled substance in the regulations published by the Department of Consumer Protection. "Ecstasy" is, therefore, a controlled substance within the meaning of C.G.S. §21a-240(9) and falls within the purview of those substances prohibited by C.G.S. § 21a-278(b).
The defendant additionally urges the Court as a matter of statutory interpretation to hold that § 21a-243-7(c)(6) Department of Consumer Protection Regulations of State Agencies fails to meet the requirements of C.G.S. § 21a-243(c) in that the Commissioner of Consumer Protection failed to "indicate, specify, denote and name" the substance "Ecstasy" as a "controlled substance". CT Page 16160
As previously stated MDMA which is a substance contained by the substance known as "Ecstasy" is specifically scheduled at §21a-243-7(c)(6) as a "controlled substance".[1] In a recently published decision by the Appellate Court in State v. Abokor Gurreh,60 Conn. App. 166 (Oct. 3, 2000) the court was given the opportunity to review whether the plant known as "khat", which is not specifically listed as a controlled substance in the state regulations but whose chemical constituents "cathinone" and "cathine" are enumerated, is a prohibited substance for purposes of C.G.S. § 21a-277(b). The court concluded that since "khat" contains the specifically listed controlled substances i.e. "cathinone" and "cathine" and the language of the statute and regulations clearly and unambiguously indicate that materials which contain any controlled substance constitute a controlled substance, "khat" falls within the prohibition of the statute.
Here the claim is advanced that since the word "Ecstasy" is not specifically found in the regulations, therefore, this substance is not a controlled substance and hence not within the purview of C.G.S. §21a-278(b) though MDMA its constituent is designated in the regulations.
Since "Ecstasy" contains MDMA for the reasoning advanced in Gurreh, supra, "Ecstasy" is a controlled substance within the meaning of the applicable statutes and regulations.
Pursuant to C.G.S. § 21a-243(b) the Commissioner of Consumer Protection has the authority to "adopt regulations existing under the federal Controlled Substances Act and pertinent regulations existing under the federal food and drug laws and conform regulations adopted hereunder with those existing under the federal Controlled Substances Act and federal food and drug laws."
The applicable federal statute is 21 C.F.R. § 1308.11(d)(10) which states:
 Hallucinogenic substances. Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation, which contains any quantity of the following hallucinogenic substances, or which contains any of its salts, isomers, and salts of isomers whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation (for purposes of this paragraph only, the term "isomer" includes the optical, position and geometric isomers):
CT Page 16161
***
(10) 3,4-methylenedioxymethamphetamine (MDMA)
***
MDMA or "Ecstacy" is specifically designated as a hallucinogenic substance by the United States government under the federal regulations.
By the authority of C.G.S. § 21a-243(b) the Commissioner of Consumer Protection pursuant to C.G.S. § 4-168(a)(1) caused to be published in the Connecticut Law Journal his intended action of adopting these federal regulations. On October 10, 1995 at pp. 10D-17D of theConnecticut Law Journal and previously on March 21, 1995 at pp. 4C-11C of the Journal, the Commissioner published, as required by statute, the proposed regulations which were to be adopted. These included the listing of MDMA as a "controlled substance." In both Journal notices, the statement of purpose required by C.G.S. § 4-168(a)(1)(B) reads "to update the schedules of controlled drugs to reflect changes made to the Federal schedules."
The Commissioner of Consumer Protection gave proper and sufficient notice of the proposed adoption of the federal regulations which scheduled the substance MDMA or "Ecstacy" as a state controlled substance based upon the federal schedule. The Commissioner, therefore, fulfilled his statutory obligations under C.G.S. § 21a-243(b) and (c) by publication of the proposed schedules in the Connecticut Law Journal.[2]
A review of Schedule I of the State Regulations reveals that these regulations conform to the Federal Schedules. Therefore MDMA or "Ecstacy" has been properly adopted from the Federal Schedule as a Connecticut "controlled substance". It is a "controlled substance" as defined by C.G.S. § 21a-240(9) and falls under C.G.S. § 21a-278(b) prohibition.
 II.
THE DEFENDANT WAS GIVEN CONSTITUTIONALLY ADEQUATE NOTICE AND FAIR WARNINGTHAT MDMA OR "ECSTASY" IS A CONTROLLED SUBSTANCE.
The court rejects the defendant's claim that he was not given adequate notice and fair warning that "Ecstacy" is a controlled substance within the meaning of the regulations and statutes based upon the defendant's behavior at the time of his arrest and on the reasoning stated inGurreh, supra.
MDMA is specified as a controlled substance in Schedule I of the CT Page 16162 Regulations of Connecticut State Agencies, Department of Consumer Protection. The regulations and statutes afford a person of ordinary intelligence a reasonable opportunity to know that MDMA or "Ecstacy" is a controlled substance and prohibited within the provisions of C.G.S. SeeState v. Payne, 240 Conn. 766, 777-778 (1997).
Since the statute C.G.S. § 21a-278(b) and regulations are clear and unambiguous, as in Gurreh, supra, a person of ordinary intelligence should know that possession of MDMA or "Ecstacy" with intent to sell is illegal. The defendant's actions of attempting to mix in with the crowd and throwing the pouch which contained the pills to the floor while fleeing up a flight of stairs indicated a consciousness of guilt that he, as the defendant in Gurreh, supra, knew his actions were criminally prohibited.
 III. CONCLUSION
For the foregoing reasons, the defendant's Motion to Dismiss must be and is, hereby, ordered denied.
BRADFORD J. WARD JUDGE OF THE SUPERIOR COURT